IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHELBY WARREN**                                                                   **PLAINTIFF**

**V.**                                                      **CASE NO. 3:19-cv-00661-DPJ-JCG**

**ANDREW SAUL,** *Commissioner of*                                **DEFENDANT**
*Social Security*

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Shelby Warren seeks judicial review of the decision of the Commissioner of the Social Security Administration, denying her application for a period of disability, disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423(d)(1)(A), and social security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3). Warren has filed a Motion for Summary Judgment [12] seeking reversal and remand. Andrew Saul, Commissioner of Social Security, has filed a Response [13] and Warren a Rebuttal [14]. Having considered the submissions of the parties, the record, and relevant law, the undersigned recommends that the decision of the Commissioner be affirmed because the ALJ's decision is not contrary to law and is supported by substantial evidence.

## BACKGROUND

A. Procedural History

Warren filed an application for disability insurance benefits and supplemental security income in 2015. Admin. R. [8] at 163, 169. She alleged disability beginning December 31, 2014 due to asthma, chronic obstructive

pulmonary disease, anxiety, depression, and arthritis. *Id.* at 21, 71, 83, 99, 107, 163-170, 183. Warren was forty-two years of age on her alleged onset date of December 31, 2014. *Id.* at 32.

A video hearing was held before an administrative law judge (ALJ). *Id.* at 40-70. Warren and a vocational expert testified. Warren's claims were administratively denied through the ALJ's decision dated September 21, 2018. *Id.* at 18-34. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review. *Id.* at 5. Warren timely filed a Complaint [1] in this Court.

B. <u>The ALJ's Decision</u>

The ALJ utilized the five-step sequential process found in 20 C.F.R. §§ 404.1520, 416.920 and concluded that Warren was not disabled according to the Social Security Act's definition. A claimant meets the Social Security Act's definition of disability if: (1) the claimant is not presently engaged in substantial gainful activity; (2) the claimant has a severe, medically determinable, physical or mental impairment or combination of impairments that significantly limit his physical or mental ability to do basic work activities and meet the duration requirement; (3) the claimant's impairment or combination of impairments meets or equals an impairment contained in the listings of impairments of Appendix 1, 20 C.F.R. § Pt. 404, Subpt. P, App. 1; (4) if disability cannot be found based on a listing in Appendix 1, 20 C.F.R. § Pt. 404, Subpt. P, App. 1, the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant

from doing any other work, considering the claimant's residual functional capacity (RFC), age, education, and past work experience.

The claimant has the burden through the first four steps. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Once the claimant shows that she can no longer perform her previous work, the burden shifts to the Commissioner to show that there is other work existing in significant numbers in the national economy that the claimant can perform. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). If the Commissioner meets the burden at step five, the claimant must then prove that she is not able to perform other work. *Id.*

At step one, the ALJ determined that Warren had not engaged in substantial gainful activity since the alleged onset date of December 31, 2014. Admin. R. [8] at 24. At step two, the ALJ concluded that Warren suffered from the following severe impairments: morbid obesity, bilateral knee pain, lumbar spine pain, right hip pain, and depression. *Id.* At step three, the ALJ found that Warren's severe impairments or combination of impairments did meet or medically equal the requirements for presumptive disability. *Id.* at 24-26.

The ALJ then assessed Warren's RFC and determined as follows:

> [T]he undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with a sit/stand option. The sitting can be as much as an hour at a time, standing and/or walking up to twenty minutes at a time. Within the course of an eight-hour day, she could alternate within those parameters. No climbing ladders, ropes or scaffolds. No crawling. The other postural activities are occasional. No work environment where there is a concentration of dusts, smoke, fumes, intense odors that a person with asthma might be affected by. She is limited to routine, repetitive work with occasional interaction with the public and

      coworkers; supervision at a basic level and no job involving strict production quotas.

*Id.* at 26.

      At step four, the ALJ concluded that Warren was unable to perform her past relevant work as a stock clerk, babysitter, or cashier. *Id.* at 32. At step five, the ALJ considered the VE's testimony and concluded that Warren could still perform work that was available in significant numbers in the national economy, including the available occupations of mail clerk, rental cashier, and amusement and recreation attendant. *Id.* at 33-34.

## STANDARD OF REVIEW

      This Court will only review the Commissioner's denial of benefits to determine if "(1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton,* 209 F.3d at 452. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (internal quotations omitted). Conflicts in evidence are the purview of the Commissioner and are not for the Court to resolve or review de novo. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).

ANALYSIS

Warren maintains that the ALJ erred by relying on testimony from the vocational expert that Warren alleges conflicted with the Department of Labor's Dictionary of Occupational Titles ("DOT"). *See* U.S. Dep't of Labor, Dictionary of Occupational Titles, App. C III (4th ed. 1991), 1991 WL 688702; 20 C.F.R. § 404.1566(d). According to Warren, the jobs identified by the vocational expert exceed her RFC limitation to routine, repetitive work because DOT provides that the jobs require a reasoning level of three. [12] at 8-11. Warren views this as an apparent conflict that the ALJ was required to resolve under Social Security Policy Interpretation Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2.

SSR 00-4P provides that:

> [o]ccupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

2000 WL 1898704, at *2; *see also Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016) (holding under SSR 00-4P an ALJ must inquire into "any possible conflict" between VE conclusions and DOT).

Warren failed to raise the issue of an alleged conflict at the administrative hearing and has waived this issue on appeal. Warren did not object to the vocational expert being qualified to testify. She did not cross-examine the vocational expert. She proffered no evidence that contradicted the vocational expert's testimony in any

5

manner. Ms. Warren's failure to raise the issue of an alleged conflict between the vocational expert's testimony and DOT deprived the ALJ from addressing and exploring the issue. *See Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir.2000). As the Fifth Circuit observed in *Carey,*

> all kinds of implicit conflicts are possible, and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. Moreover, claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Id.*

Even assuming Warren has not waived the issue, Warren has failed to establish that a conflict existed between the vocational expert's testimony and DOT. This is so because the ALJ presented to the vocational expert a hypothetical that contained all the limitations the ALJ found supported by the record, and the vocational expert responded by stating that such a person could perform the three jobs of mail clerk, rental cashier, and amusement and recreation attendant. Admin. R. [8] at 66. The ALJ asked the vocational expert whether that testimony was consistent with the DOT. *Id.* at 67. The vocational expert answered in the affirmative. *Id.*

DOT classifies reasoning levels for specific jobs on a six-point scale. *See* DOT, 1991 WL 688702. "[T]his Court follows the majority of this circuit's district courts in holding that an RFC limited to simple, routine, and repetitive tasks is not in apparent or direct conflict with a Level-Three-Reasoning occupation." *Gates v. Berryhill*, No. 3:18-CV-283-DPJ-LRA, 2019 WL 3761148, at *2 (S.D. Miss. Aug. 9,

2019); *Ruffin v. Colvin*, No. 3:16-CV-18-DPJ-LRA, 2017 WL 536549, at *4–5 (S.D. Miss. Feb. 8, 2017) (noting "the majority of federal district courts have concluded that a job requiring level-three reasoning does not necessarily conflict with an RFC limited to simple and unskilled work"); *Wilson v. Berryhill*, No. 3:16-cv-71-DPJ-LRA, 2017 WL 4247556, at *2 (S.D. Miss. Sept. 25, 2017) (holding an RFC limitation to simple work or tasks is not necessarily inconsistent with level-three reasoning); *Pierce v. Colvin*, No. 3:14-cv-971-FKB, 2016 WL 5415827, at *7 (S.D. Miss. Sept. 28, 2016) (finding jobs with level-three reasoning consistent with RFC limited to simple work); *Ealy v. Colvin*, No. 3:13-cv-409-TSL-JCG, 2014 WL 3928193, at *3 (S.D. Miss. Aug. 12, 2014) (finding weight of authority supports determination that limitation to simple, repetitive, routine tasks could support work with a reasoning level of two or three); *Abel v. Astrue*, No. 3:09-cv-327-TSL-FKB, 2011 WL 1099890, at *7 (S.D. Miss. Mar. 2, 2011), report and recommendation adopted, 2011 WL 1044155 (S.D. Miss. Mar. 22, 2011) (finding no "obvious, direct conflict" between "the ability to perform only simple, repetitive tasks ... [and] Level 3 reasoning.").

Because no apparent conflict existed between the vocational expert's testimony and DOT, the ALJ was not required to explore the matter further than he did. The vocational expert's testimony constitutes substantial evidence supporting the ALJ's step five finding, and the Commissioner's decision should be affirmed.

## RECOMMENDATION

It is recommended that the Court deny Warren's Motion for Summary Judgment [11], dismiss Warren's appeal with prejudice, and enter final judgment in favor of the Commissioner.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 11th day of December 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE