IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHELBY WARREN                                                        PLAINTIFF


V.                                          CIVIL ACTION NO. 3:19-CV-661-KHJ-JCG


ANDREW SAUL, Commissioner of                                    DEFENDANT
Social Security


ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United

States Magistrate Judge John C. Gargiulo. [16]. For the reasons stated, the Court

adopts this Report's findings in part and adopts the recommendation of the

Magistrate in whole.

I.      Facts and Procedural History

Warren applied for disability insurance benefits and supplemental security

income, alleging disability beginning in December 2014. [16] at 1-2. An

administrative law judge ("ALJ") held a hearing, during which Warren and a

vocational expert ("VE") testified. *Id.* at 2.  The ALJ denied her claims. *Id.* The

Appeal Council denied review, so the ALJ's decision became the final decision of the

Commissioner of Social Security ("Commissioner"). *Id.* Warren appealed to this

Court, arguing the ALJ erred in relying on the testimony of the VE that conflicted

with the Department of Labor's Dictionary of Occupational Titles ("DOT"). *Id.* at 5.

The Magistrate's Report recommends that the Court grant Defendant's Motion for Summary Judgment [11] and dismiss Plaintiff Shelby Warren's appeal with prejudice. The Magistrate Judge found Warren did not raise the conflicting testimony with the ALJ, and even if she had, she failed to establish a conflict existed between the VE's testimony that Warren could perform "simple, routine, repetitive tasks" and the DOT's classification of "reasoning level 3 jobs." Report [16] at 5-7; Objections [22] at 3.

Written objections to the Report were due by December 28, 2020. The Report notified the parties that failure to file written objections to the findings and recommendations by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* After the deadline for objections had passed, the Court entered an Order [18] adopting the Magistrate's Report and dismissing this action. Warren moved for reconsideration [20], arguing notice of the Report was defective. The Commissioner did not oppose Warren's motion. This Court withdrew its Order [18] and allowed Warren more time to file her objections. Warren has now filed her Objections [22].

II.     Standard

The Court reviews de novo the portions of the Magistrate's Report to which Warren objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge."

*Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)).

III.     Analysis

Warren raises two objections to the Magistrate's Report. First, she argues the Magistrate's ruling that she waived the alleged testimony conflict is contrary to law. Second, she objects to the finding that she failed to establish a conflict between the VE's testimony and the DOT.

A.     Waiver

Warren argues that the Magistrate incorrectly held that she waived any argument about a conflict between the VE's testimony and the DOT because she did not raise it to the ALJ. Warren correctly notes that this Court has held that "by virtue of the ALJ's affirmative duty to inquire about inconsistencies between the VE's testimony and the DOT," a party cannot waive this issue. *Jefferson v. Astrue*, No. 2:12-CV-5-KS-MTP, 2013 WL 12323489, at *9 (S.D. Miss. Jan. 29, 2013) (quoting *Lloyd v. Astrue*, No. 1:11-CV-263-LG-RHW, 2012 WL 3685967, at *3 (S.D. Miss. June 21, 2012)). The Court therefore finds the Magistrate incorrectly held Warren waived her argument that a conflict existed between the VE's testimony and the DOT. The Court will not adopt this portion of the Report.

B.     Conflict Between Expert Testimony and DOT

Despite his holding that Warren waived this argument, the Magistrate found that, even if Warren had not waived it, she still failed to establish a conflict existed between the VE's testimony and the DOT. Report [16] at 6. Warren argues that the

VE's limitation of "simple, routine, repetitive tasks" conflicts with the "reasoning

level 3 jobs as classified by the [DOT]." Objections [22] at 3. Warren ignores a

wealth of precedent from this Court stating that a "[Residual Functional Capacity]

limited to simple, routine, and repetitive tasks is not in apparent or direct conflict

with a Level-Three-Reasoning occupation." *Gates v. Berryhill*, No. 3:19-CV-283-

DPJ-LRA , 2019 WL 3761148, at *2 (S.D. Miss. Aug. 9, 2019); *see also Ruffin v.*

*Colvin*, No., 2017 WL 536549, at *4 (S.D. Miss. Feb. 8, 2017) (citing *Thompson v.*

*Astrue*, NO. 10-11742-JLT, 2012 WL 787367, at *10 (D. Mass. Feb. 17, 2012))

("[T]he majority of federal district courts have concluded that a job requiring level-

three reasoning does not necessarily conflict with an RFC limited to simple and

unskilled work.") (internal quotations omitted). Though Warren argues this issue "is

not yet fully resolved," [22] at 3, this Court's precedent shows otherwise.

The Court therefore agrees with the Magistrate's finding that no conflict

exists between the VE's testimony and the DOT. The Court adopts this finding from

the Report. Because this finding is dispositive, the Court also adopts the

Magistrate's recommendation that the Motion for Summary Judgment [11] should

be granted and the case dismissed with prejudice.

IV.    Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and

Recommendation [16] of United States Magistrate Judge John C. Gargiulo, entered

in this cause should be, and the same is, adopted as the finding of this Court with

respect to the finding that no conflict exists between the VE's testimony and the DOT.

IT IS, FURTHER, ORDERED AND ADJUDGED that the Commissioner's Motion for Summary Judgment [11] is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will issue this day.

SO ORDERED, this the 16th day of February, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE